# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

Charles B. Phillips,

    Plaintiff,

v.

VA Administration, et al,

    Defendants.

Case No. 2:15-cv-02024-LDG-GWF

**ORDER**

    The plaintiff, Charles Phillips, alleged a number of civil rights violations by defendants. His claims were dismissed in this court when he failed to properly serve the defendants. ECF. No. 112. Phillips has continued to file documents with the court after dismissal, including documents he has titled "Declaration of Rights Biven Agents / Plaintiff as the Appellant's Opposition to Motion to Dismiss / Motion of Orders to Show Good Cause" (ECF No. 114) and "Declaration of Rights Federal Clerks in Default Summary Judgment / Plaintiff as the Appellant to its Compliance in Motion of Order to Show Cause Based upon the Sudden On Set [sic] Medical Exhibits Evidence Rule 56" (ECF No. 115). Defendants Kevin Collmar, Joseph Lombardo, and J McCrimmon move to strike (ECF No. 116) both of these documents as the matter has been closed and judgment has been entered. Defendant Kevin Hagerty joins in this motion (ECF No. 117). Phillips has filed a

document in response (ECF No. 118) as well as a document suggesting, in a line above the caption, that it is a motion to strike the defendants' reply (ECF No. 121). The defendants have, in turn, moved to strike this additional document (ECF No. 122), which motion Hagerty has joined (ECF No. 124). Phillips has filed a document in response (ECF No. 126). As with every document filed by Phillips to date, the grounds or basis of the documents are, at best, unclear and largely incoherent.

The defendants have moved to deem the plaintiff as a vexatious litigant. ECF No. 123). Phillips filed a document in response to the motion. However, as with every document he has filed, Phillips' response does not make clear on what grounds he opposes the motion. ECF No. 126.

The Court will grant the defendants' motions to strike and will grant the defendants' motion to deem the plaintiff a vexatious litigant. Consistent with the latter motion, the Court will prohibit Phillips from filing future documents on this case.

<u>Defendants' Motions To Strike</u>

The defendants move to strike the documents that Phillips has filed subsequent to the court's dismissal of his complaint and entry of judgment. The documents filed by Phillips are largely unintelligible. Construed extremely broadly, they appear to be very untimely, and irrelevant, responses to this Court's order that Phillips to show cause why certain defendants should not be dismissed for his failure to timely serve them. As correctly noted by the defendants, the documents filed by Phillips do not seek relief from the judgment entered by the Court.

The defendants also move to strike Phillips' document in which he asserts, above the caption, that the document is a motion to strike defendants' reply to their motion to strike. The defendants broadly construe the contents of this document as a sur-reply filed without leave of the court, and ask that it be stricken as such. The defendants'

construction of the document is generous, as the Court has difficulty identifying any coherent purpose to the document.

The Court will grant the motions to strike. Given the present posture of the case, in which judgment has been entered, the documents filed by Phillips subsequent to the entry of judgment are irrelevant and immaterial, have no purpose, and do not request proper relief.

Motion to Deem Plaintiff a Vexatious Litigant

The Ninth Circuit has held that the court has "inherent power to enter pre-filing orders against vexatious litigants." *Molski v. Evergreen Dynasty Corp*., 500 F.3d 1047, 1057 (9th Cir. 2007) (citing 28 U.S.C. §1651(a)). The Court must consider four factors in determining whether such an order is appropriate: (1) the litigant must be given notice and chance to be heard; (2) the court must compile an adequate record for review; (3) the court must make substantive findings about the frivolous or harassing nature of the plaintiff's litigation; and (4) any pre-filing order must be narrowly tailored to closely fit the specific vice encountered. *Id.*

First, the litigant must be given notice and chance to be heard. This factor clearly favors the defendants, who filed a motion that was clear and unambiguous as to the relief sought. The defendants' motion was only eight pages long and was not hard to interpret. The plaintiff was provided notice and an opportunity to respond to a clearly written motion seeking to have him declared a vexatious litigant.

The Court notes that Phillips filed a document in response to this motion. ECF No. 126. The Court must also note that the response does not address the defendants' motion in any way. Instead he continues to re-allege confusing and largely incoherent claims against Las Vegas Metro police officers. Below are the first two paragraphs from his response:

> SHERIFF JOESPH LOMBARDO IS THE "REPONDANT SUPERIOR"METROPOLICE ET.AL/METRO JOINTER PATTER OF DISCRIMINATION AND SINGLOUT OFFER OF PERFORMANCE IN THE SAME MANNER BROADCAST
>
> EXHIBIT EVIDENCE ***PROVE-UP OFTHIS OFTHIS MATERIAL FACT OF PREJUDICE BYTHIS HOSTILE METROPOLICE IN THE STREET OF LAS VEGAS NEVEADA WITH THIS PUBLIC AND REAL INJURE AND THIS PREJUDICE OF THIS INJUSTICE AND ACTING UNDER THE COLOR OF LAW WITH THIS PATTER OFLEWD AND LASCOIUS MERETRICOUS OBSCENE BI-SEXUAL/HOMO HARASSMENT AND INDECENT LIBERTIES AND THREATS IN THE SAME MANNER TO DEPAVE THIS PLAINTIFF WITH HIS INDIRECT HARASSMENT FOR THE PUBLIC AND SELFDEALING PRIVATE NECESSITY 8-12-16/FOX5 LOCAL PHOTO DICPICTION/RETROPECTANT EVIDENCE. (ECF. No. 126. Transcribed exactly as it appears in the record).

Ignoring the obvious spelling and typographical errors, the paragraphs are entirely irrelevant to the motion presented by the defendants. Phillips continues by citing at least 35 court cases without providing an explanation of the meanings of the cases or how they are relevant to the present motion. Phillips' response to the motion suggests that he did not understand that defendants have requested that he be precluded from filing any further documents in this matter. Phillips' failure to understand the relief sought by the defendants, however, does not alter the Court's conclusion that the defendants' motion was clear and concise and provided notice of the relief sought. Further, while Phillips may not have responded to the merits of the motion, he was provided the opportunity to respond to the merits of the motion. The Court finds that Phillips was provided notice and a chance to be heard as to whether, in the context of the present matter, he has become a vexatious litigant who should be precluded from filing further documents in this matter without first obtaining approval from the Court.

Second, the court must compile an adequate record for review. The Ninth Circuit has held that "an adequate record for review should include a listing of all the

cases and motions that led the district court to conclude that a vexatious litigant order was needed." *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990). The relief sought by the defendants is limited to the present matter. The defendants have provided a list of every motion that Phillips has filed as evidence of Phillips' vexatious nature. Prior to this motion, Phillips had filed 54 documents in this case. Four of these filings occurred after the case was dismissed. The record for review consists of all of Phillips' filings in this matter, as they constitute a more than adequate record that can be reviewed regarding the nature of Phillips' conduct of the present litigation.

Third, the court must make substantive findings about the frivolous or harassing nature of the plaintiff's litigations. In doing so, the court must "look at 'both the number and content of the filing as indicia' of the frivolousness of the litigant's claims." *Id.* at 1148. Phillips' filings have been extremely confusing. Beginning with the original complaint, he has never clearly and concisely stated claims for relief. Phillips initiated this matter with a complaint that is 577 pages long, is often incoherent, and plainly does not comport with the requirements of Rule 8 that the complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief. While some of Phillips' language in the complaint is coherent,[1] much of it is consistent with the following excerpt from the complaint demonstrating the confusing language of the complaint:

> claim of owership [sic] and this replevin and constructive force and this tile [sic] and claims collection act and this claims and delivery and this probable-desistance on this once in jeopardy effective day of the overt act on Oct. 25th -2006 the inchoate crime of oppression all done knowingly and willfully from the conspiractor [sic] in restrain of trade and this clear and present danger doctrine of this public contracted agreement at the defacto government agency (ECF No. 1, at 10).

---

[1] The Court notes that the complaint contains passages that simply quote language written by someone other than Phillips. Such quoted language is, itself, comprehensible. Nevertheless, such quoted language is often irrelevant, provided without explanation, and is inconsistent with Rule 8.

5

Further, the document appears to concern events that occurred nearly a decade prior to the filing of the complaint.

The Court has previously noted a portion of Phillips' response to the instant motion and the failure of that response to address the instant motion. A review of all of all of Phillips' filings establishes that each largely consists of similar language best characterized as confusing and with no clear purpose other than to suggest a broad conspiracy.

The defendants have had to wade through incredibly long documents to see if there is anything of substantive value they need to respond to. He has filed motions that are duplicative and frivolous. The defendants have provided a table of Phillips' numerous filings that shows the random nature of his filings. ECF. No. 123 at 3. The documents Phillips has filed are all documented in the ECF system and are easily seen to be confusing and incomprehensible. The Court finds that Phillips' filings are frivolous and, given their number, harassing. The Court further finds that Phillips' continued filing of frivolous documents after judgment has been entered is harassing.

Fourth, any pre-filing order must be narrowly tailored to closely fit the specific vice encountered. The defendants seek only a determination that Phillips be prohibited from continuing to file documents in this already dismissed case without prior approval from the Court. An order granting that request is narrowly tailored as required by the Ninth Circuit's standard. Judgment has been entered in this case. The case has been dismissed and there is no need for further filings. An order deeming Phillips as a vexatious litigant in this matter and prohibiting him from filing anything further in this matter without court approval is narrowly tailored to the problem that the court encounters at this time.

The Court recognizes that Phillips is a *pro se* plaintiff and his pleadings should be interpreted liberally. *Karim-Panahi v. Los Angeles Police Dep't.*, 839 F.2d 621, 623

(9th Cir. 1988).  But even interpreted very liberally, and in the context of Phillips' filings prior to the dismissal of this matter, the Court cannot conclude that his filings subsequent to the dismissal of the case are other than frivolous.  The Court recognizes that it may not be Phillips' intent to abuse the judicial process.  Nevertheless, given the nature of his filings, and that Phillips continues to file incoherent and irrelevant material, and that Phillips' filings require the defendants to expend resources to file responses, the Court finds that continued, unfettered filings by Phillips will amount to an abuse of the judicial process.  Accordingly,

THE COURT **ORDERS** that Defendants' Motions To Strike (ECF Nos. 116 and 122) are GRANTED; The Clerk of the Court shall STRIKE the documents docketed at ECF No. 114, 115, and 121.

THE COURT FURTHER **ORDERS** that Defendants' Motion to Deem Vexatious Litigant (ECF. No. 123) is GRANTED solely as it relates to this matter.

THE COURT FURTHER **ORDERS** that the Clerk of this Court shall not accept for filing in this matter any further document from plaintiff Charles B. Phillips until such document has been subjected to pre-filing review by the Court and the Court has approved such document to be filed in this matter.

DATED this 21 day of September, 2017.

_____
Lloyd D. George
United States District Judge

7